## BOORIGIE v. BOORIGIE.

No. 14573—Opinion Filed Jan. 29, 1924.

Rehearing Denied March 11, 1924.

**1. Partnership—Relation—Burden of Proof.**

The burden of proving the existence of a partnership is ordinarily on him who alleges and relies on the fact of its existence.

**2. Appeal and Error—Questions of Fact—Findings as to Partnership.**

It is well established that where a partnership is disputed its existence in a given case is a question of fact to be determined by the court or jury; and where such an issue is submitted to the court and the evidence reasonably sustains the court's findings, such findings will not be disturbed by the appellate court.

**3. Partnership—Questions for Court and Jury.**

The legal elements of a partnership constitute a question of law for the court, but whether a partnership exists between the parties is a question of fact for the jury.

## 4. Sufficiency of Evidence.

Record examined, and held, that the judgment rendered by the trial court is not against the clear weight of the evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Cherokee County; J. H. Jarman, Judge.

Action by William Boorigie against Abdo Boorigie. From a judgment in favor of the defendant, the plaintiff brings error. Affirmed.

P. J. Carey, for plaintiff in error.

Bruce L. Keenan, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by plaintiff in error, William Boorigie, as plaintiff, in the district court of Cherokee county against the defendant in error, Abdo Boorigie.

The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

Plaintiff alleged, among other things, in his amended petition, that the defendant and the plaintiff had been theretofore engaged as partners in carrying on a general mercantile business and wholesale and retail grain and feed business and the buying and selling of live stock and real estate at Hulbert, Okla., and that plaintiff and defendant were partners in said business from the fall of 1903 up to and about the fall of 1915 at which time, by mutual consent, the carrying and doing of new business by said partnership ceased, and the firm dissolved and carried on no further business except the winding up of its affairs, and asked that an accounting be had.

Defendant's answer was a general denial of all the allegations of the plaintiff's petition, and specifically denied that a partnership relation ever existed between plaintiff and defendant. Defendant's answer further alleged that about the month of May, 1915, the plaintiff had been using, without the consent of the defendant, the name of "Boorigie Bros." and that although he claimed to use the name of another brother, the public to some extent got the impression that William and Abdo Boorigie (plaintiff and defendant herein) were doing business as "Boorigie Bros.," and to settle the matter of the liability of this defendant for any debts thereafter to be made, public notice was given that defendant, Abdo Boorigie, would not be responsible for any further debts of obligations of the supposed firm of "Boorigie Bros."

The issue in this case is whether or not the partnership existed between the parties.

The plaintiff claims that such a relationship existed from 1903 until it was dissolved in 1915, by reason of a notice to that effect published by the defendant, and that, therefore, as the evidence discloses that the defendant, at some time prior to 1915, acquired certain real and personal property, that such property was purchased by the defendant with partnership funds, and that plaintiff is entitled to a one-half interest in said property.

The cause was tried to the court without intervention of a jury and a judgment was entered by the court in favor of the defendant, and against tthe plaintiff. The court, before entering judgment, made findings of facts and conclusions of law.

Plaintiff saved exceptions to the judgment dismissing the petition. Motions for judgment in favor of the plaintiff as prayed for in his petition on the findings of fact, and for a new trial, were filed and overruled, to all of which plaintiff excepted.

The cause comes regularly on appeal to this court.

For reversal of judgment of the trial court plaintiff in error assigns the following specifications of error: (1) The court erred in overruling the motion of plaintiff for judgment on the findings of fact; (2) the court erred in not finding that a partnership between the parties hereto existed down to the year 1915, and then was dissolved; (3) the court erred in entering judgment for defendant and in not entering judgment for the plaintiff, said judgment not being supported by the evidence; (4) the court erred in overruling motion of plaintiff for a new trial.

These propositions are all based upon the theory that the evidence discloses the existence of a partnership between the parties, and that the findings of fact are against the clear weight of the evidence.

Whether there existed a partnership between the plaintiff and defendant which involved the property in controversy was the issue joined and, in substance, the nature of the pleadings filed.

The burden of proving the existence of a partnership is ordinarily on him who alleges and relies on the fact of its existence (20 R. C. L. 849; Strickler v. Gitchel, 14 Okla. 523, 78 Pac. 94); and a person who alleges a partnership between himself and another is bound to establish its existence by clear proof (30 Cyc. 413, cited in Cobb v. Martin, 32 Okla. page 595, 123 Pac. 422).

The court found that about the year 1903 the plaintiff and defendant went to the town of Hulbert, Okla., where they were associated in business until about the year 1909, when the business for some reason was divided; that is, the plaintiff, William Boorigie, remained at their then place of business, and Abdo Boorigie, the defendant, went across into what is termed and referred to here as New Hulbert, and there opened up at that place a feed and flour business which was in charge of and run by the defendant, the plaintiff remaining in charge of and running the general mercantile business across the street from the place where the defendant operated the flour and feed business.

It is the theory of the plaintiff that these two businesses were the property of the plaintiff and defendant under the firm name of "Boorigie Bros."; that the defendant made various purchases of real estate, and that this continued from time to time, and that the real estate referred to in the petition of plaintiff was finally acquired, as well as cattle and other personal property acquired in like manner, and were purchased by the fund derived from the firm business of "Boorigie Bros.," and that the plaintiff did not learn until after the dissolution of the partnership in 1915, about the amount of merchandise that was in the name of the defendant instead of the name of Abdo and William Boorigie, or "Boorigie Bros."; that after making this discovery and after demanding a division of all property and assets held by the said "Boorigie Bros." partnership and being refused, the plaintiff instituted this action.

The defendant claims that he was operating a feed and flour business in his own right and name, and that plaintiff continued to operate the general merchandise business both in his individual name and using the name of "Boorigie Bros."

The defendant testified that he protested to the use of the name of "Boorigie Bros." but the plaintiff gave as a reason for so operating it that he, the defendant, was not the only brother the plaintiff had. The defendant further contends that all property acquired and referred to and forming a basis of this action was acquired by his individual efforts and by him individually, and that such property was not paid by funds or means belonging to "Boorigie Bros." The defendant denies that there was any partnership in fact or in firm name in which he was interested with the plaintiff.

The trial court, after an extensive review of the evidence, found:

"As a matter of fact from the evidence introduced in this case, that there was not any partnership relation existing between these parties; that Abdo Boorigie (defendant) operated his flour and feed business in his own right and in his own name, and William Boorigie (plaintiff) operated the general mercantile business referred to until 1915, when he permitted it to go into the hands of the officers and an execution was raised by the defendant; that the stock and land referred to in the petition of plaintiff was property acquired by the defendant in his own right and none of it is partnership property in which William Boorigie or 'Boorigie Bros.' have any interest."

In the view we take of this case the only question to be determined here is whether there is evidence reasonably tending to sustain the findings of fact and judgment of the trial court.

It is well established that where a partnership is disputed, its existence in a given case is a question of fact to be determined by the court or jury; and where such an issue is submitted to the court and the evidence reasonably sustains the court's findings, such findings will not be disturbed by the appellate court.

Upon this question of the existence or nonexistence of a partnership relation between the parties with respect to the property involved, the trial court found the issue in favor of the defendant, and a careful examination of the evidence contained in the record before us justifies, in our opinion, the findings of fact of the court upon this issue.

It is contended by counsel for plaintiff in error in his brief that the court having found that about the year 1903 the plaintiff and defendant were associated in business until about the year 1909, when the business for some reason, was divided, there is no evidence in the record showing that there was a division in 1909, between plaintiff and defendant. We cannot agree with that contention.

The record discloses that whatever business relation existed between these parties prior to the year 1909, in the early part of that year the defendant opened up and carried on in his own name a business separate and distinct from the business conducted by the plaintiff; that he bought and sold property in the open market; opened accounts with the First State Bank of Hulbert, which accounts continued from year to year in the name of the defendant, except for the year 1912.

It further appears that there was also carried in the same bank for the same year, including the year 1912, an account in the name of "Boorigie Bros."

The testimony of various witnesses shows that at the time when a portion of the land involved in this controversy was purchased that both Abdo Boorigie, defendant, and William Boorigie, plaintiff, were present. It appears that the defendant cannot write in English and speaks in broken English and that at the time of the purchase of the land referred to the plaintiff himself wrote the checks to the various heirs owning interests in this piece of land and that the defendant then signed the checks on his own individual account, which checks were paid; that plaintiff "drew all these checks except that part that is written in Assyrian at the bottom;" and that the part in Assyrian was written by Abdo Boorigie, defendant herein.

It further appears that the cattle owned by the defendant were branded "AB" and other cattle owned by the plaintiff were branded "WM."

It further appears that the tax records introduced in evidence show that the property of Abdo Boorigie and of William Boorigie were separately returned—at least, for most of the time that it is contended this partnership existed between those parties.

It is clear from this and other similar circumstances that the relation of partnership did not exist between the parties during that period of time when it is claimed the property in controversy was purchased by the defendant.

It is earnestly urged by counsel for plaintiff in error in his brief that this is a suit of one partner against another partner for an accounting, which is a matter of purely equitable cognizance, and therefore in order to determine whether the finding of the court that there was no partnership relation existing between the parties at the times when the property in controversy was acquired by the defendant was against the clear weight of the evidence.

We do not question the well-established rule that a court of equity has exclusive jurisdiction of actions for dissolution and settlement of partnerships. 30 Cyc. 716.

We think it is equally well established that before evidence can be taken on the issue of an accounting the question of whether a partnership relation existed, where, as in this case, such relation is denied, a pure question of fact arises which must

be determined by the jury or by the court where jury is waived.

It is said in 30 Cyc. 476:

"To the court belong the right and the duty of construing the pleadings and agreements, of determining whether a partnership exists when the facts are undisputed and the inferences therefrom are clear. Questions of fact, where the evidence is conflicting or where reasonable men may draw different inferences from undisputed evidence, are to be determined by the jury."

The legal elements of a partnership constitute a question of law for the court, but whether a partnership exists between the parties is a question of fact for the jury. Mendonca v. Russell et al., 50 Okla. 376-379, 150 Pac. 1061.

However, we have examined the record in this case, and while there is undoubtedly a conflict in the testimony we are convinced that the findings of fact of the trial court are not clearly against the weight of the evidence.

It is said in Hogan et al. v. Grimes et al., 78 Okla. 184, 189 Pac. 353:

"In a suit in equity the Supreme Court on appeal is not at liberty to set aside the findings of fact of the trial court, unless after a consideration of the entire record, it appears that such findings are clearly against the weight of the evidence."

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.