Note.—See under (1) 4 C. J. p. 853, § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 29 Cyc. p. 530, anno. 55 L. R. A. 418; 14 A. L. R. pp. 1191, 1196; 20 R. C. L. p. 139 et seq.; 3 R. C. L. Supp. p. 1038; 4 R. C. L. Supp. p. 1339; 5 R. C. L. Supp. p. 1082. (3) 36 Cyc. pp. 1538, 1539, 1627; anno. 46 L. R. A. (N. S.) 702; 22 R. C. L. p. 1015; 4 R. C. L. Supp. p. 1484; 5 R. C. L. Supp. p. 1220.

---

### PRICE et al. v. SMITH.

No. 15795—Opinion Filed Nov. 10, 1925.

Rehearing Denied Jan. 26, 1926.

1. **Partnership—Action by One Partner Against Another for Share of Funds — Dissolution and Accounting as a Prerequisite.**

In the absence of a statute, one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, and definitely ascertaining the surplus, to a share of which he is entitled. Up to that time, a partner's only remedy is to apply to a court of

equity for dissolution and accounting and ascertainment of such balance.

## 2. Appeal and Error—Questions of Fact—Conclusiveness of Findings.

Where the issue as to whether a partnership exists "is submitted to the court, and the evidence reasonably sustains the court's findings, such findings will not be disturbed by the appellate court." Boorigie v. Boorigie, 98 Okla. 64, 223 Pac. 874.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by A. W. Price and John E. Beach against P. M. Smith. Judgment for defendant, and plaintiffs bring error. Affirmed.

J. W. Bartholomew, for plaintiffs in error.

John H. Venable, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Ottawa county, Okla., by plaintiffs in error, as plaintiffs, against the defendant in error, as defendant, to recover $2,000, $1,000 in favor of each of the plaintiffs. The matter was submitted by the court to a referee and the report made by the referee was approved by the court, and judgment rendered in accord therewith, from which judgment the appellant prosecutes this appeal. The record discloses that the plaintiffs named, together with the defendant and one other party, entered into an agreement whereby each of said parties was to and did advance the sum of $1,000 for the purpose of forming a partnership to engage in the grain and elevator business. The defendant, Smith was to take charge of the business and serve the same without salary, and the other three parties were to furnish a grain elevator, owned by them, to be used in connection with the business, and the profits were to be divided equally. After the grain season had closed, the defendant, Smith, represented to his copartners that there was a loss in the business, and that the entire capital stock of the partnership, or practically so, was exhausted. which statement at the time made seems to have been accepted by all the parties concerned, but some two years later, the plaintiffs claimed to have been advised that the business had made a profit and that no losses were sustained, and instituted this suit to recover the amounts which they had formerly advanced to the partnership.

The referee, after an examination of all the books and accounts and from the evidence offered at the hearing, found that there was a balance of $9.50 cash due the partnership, and some other personal and real property belonging to the partnership, but found as a matter of law that the suit to recover was improperly brought, for the reason that there had been no dissolution of the partnership, and for the further reason that one of the partners, to wit, a Mr. Douthitt, was not made a party to the proceedings, and was in fact a necessary party, and found that the case should be dismissed, and further found that the defendant, Smith, had accounted for all the assets of the partnership.

The appellants complain of the findings of facts and conclusions of law returned by the referee, and the judgment of the court based thereon, but fail to point out or call to the attention of the court any specific evidence or fact established thereby, which would or should change the results as found by the referee and the court, and we have failed to find any facts disclosed by the record which would justify a reversal of this case.

In the case of Cobb v. Martin, 32 Okla. 588, 123 Pac. 422, in the 3rd paragraph of the syllabus, this court said:

"In the absence of a statute, one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, and definitely ascertaining the surplus, to a share of which he is entitled. Up to that time, a partner's only remedy is to apply to a court of equity for dissolution and accounting and ascertainment. of such balance."

There is no controversy in this case as to the existence of a partnership, and while appellants contend that it is a special partnership, and appellee seems to regard it as a general partnership, we do not regard this as material as there is no controversy as to the purpose and existence of same.

Where the issue as to whether a partnership exists "is submitted to the court and the evidence reasonably sustains the court's findings, such findings will not be disturbed by the appellate court." Boorigie v. Boorigie. 98 Okla. 64, 223 Pac. 874.

In view of the facts as disclosed by the record, and the law as set forth by the authorities cited, we conclude that the judgment of the trial court is correct, and same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. pp. 461, 462; anno. 21 A. L. R. 21; 20 R. C. L. pp., 924 et seq.; 4 R. C. L. Supp. p. 1384; 5 R. C. L. Supp. p. 1132. (2) 4 C. J. p. 879, § 2853; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.