## WHITNEY v. HARRIS.

No. 22917.   Oct. 16, 1934.

W. C. Wood, for plaintiff in error.

Barritt Gallaway, for defendant in error.

PER CURIAM.   This action was commenced by the plaintiff, V. V. Harris, against the defendant, E. W. Whitney, to recover a money judgment on nine causes of action. Causes of action 6 and 8 were dismissed during the trial of the case.   Judgment was rendered on causes of action 1, 2, 4, 5, 7, and 9, in the aggregate sum of $30,529.30, with interest from the date of judgment at the rate of six per cent. per annum, and upon the third cause of action, which was upon a promissory note, in the sum of $1,935.65, with interest at the rate of eight per cent. per annum, and $193.56 attorney's fees, and judgment was rendered against the defendant for all costs of the suit.

The suit was brought by plaintiff upon certain notes or memoranda of agreement, whereby plaintiff from time to time had advanced the defendant sums of money with which to purchase leases, royalties, and lands   The notes or memoranda of indebtedness upon which the action was based were marked "joint adventure."

Under the arrangement between plaintiff and defendant, plaintiff was to have return of his money and one-half of the profits realized from the same, or plaintiff was to have

the option of calling for his money, with interest at six per cent. from the date of exercising the option and surrendering all interest in the leases, royalties and lands. Plaintiff exercised the option to call for his money, and on the 27th day of September, 1930, filed his petition in the district court of Oklahoma county. .

Defendant interposed the defense that the various transactions were partnership transactions, and that plaintiff could not maintain the action for a money judgment, but the same should be for an accounting between the parties. A jury was impaneled at the trial of the case, but was discharged after the trial judge decided that the testimony should be taken and transcribed, to be referred to a referee, for an accounting between the parties. After hearing the testimony, the court sustained plaintiff's demurrer to the evidence and rendered judgment for plaintiff, and held that no partnership was shown since the defendant did not dispute the correctness of the amounts shown to be due after all credits had been allowed, and for the further reason that the testimony did not show that a partnership existed between the plaintiff and defendant.

Defendant in error has filed a motion to dismiss the appeal on the grounds that the appeal is frivolous. This motion should be denied and the case decided on its merits.

Plaintiff in error in his brief states:

"There is but one issue in this case and that is whether or not a partnership existed between the parties."

The lower court heard the testimony and found from the evidence that no partnership existed, and an examination of the record discloses that there was no conflict in the evidence on the issues involved as to the amount and as to the relation of the parties. The defendant, E. W. Whitney, testified in his own behalf on direct testimony as follows:

"In case there was a failure or loss, E. W. Whitney was to stand it. That was our agreement."

In the case of Criner et al. v. Davenport-Bethel Co. (1930) 144 Okla. 74, 289 P. 742, the court said:

"The sharing of profits and losses is the principal criterion of a partnership agreement."

At page 80 of Okla. Reports, the court further said:

"Defendant contends that by reason of the terms of the oral contract between plaintiff and defendant, as heretofore determined, a special partnership was created, and that he is entitled to an accounting herein.

"We are not willing to say that under the law of partnership, a special or any kind of partnership was ever created between plaintiff and defendant."

In the case of Higginbotham et al. v. Stanley, 36 Okla. 304, 128 P. 238, the court in the body of the opinion said:

"The sharing of profits and losses is the principal criterion of a partnership."

In the case of Gorman et al. v. Carlock, et al., 72 Okla. 104, 179 P. 38, the court said:

"A mere community of interest as owners of specific property, or of the profits from a particular adventure or business, does not necessarily, of itself, constitute the co-owners partners.

In Criner v. Davenport-Bethel Co., supra, the court further said:

"There is no evidence in this case to show that plaintiff and defendant were to share equally in the profits and losses of their business enterprise, but the evidence does conclusively show that plaintiff and defendant were to share equally in the profits arising from the same."

In 20 R. C. L., page 831, par. 36, it is said:

"The particular test as to the existence of the partnership relation, which is most widely accepted today and which is applicable especially as between the parties themselves, irrespective of the rights of third persons, is that a partnership is formed and exists only when it was the intention of the parties that they should be partners. Partnership contracts, like other contracts, are governed by the intentions of the parties. Every partnership rests on the mutual consent of the members."

And again in the case of Municipal Paving Co. v. Herring et al., 50 Okla. 470, 150 P. 1067, par. 2 of the syllabus is as follows:

"Where the parties to a contract alone are concerned, a copartnership is not created, except where the parties so intend it, by a voluntary agreement to that effect."

Plaintiff in error complains that the court erred in holding as a matter of law that there was no partnership, and that it should have been submitted to a jury or a referee. In the case of McCoy & Son et al. v. First Nat. Bank of Cleveland et al., 123 Okla. 170, 252 P. 404, par. 2 of the syllabus is as follows:

"The existence of a partnership is a question of law for a determination by the court if the facts are undisputed."

And in the opinion, the court said:

"The facts relating to this transaction not being disputed between the parties, the question of partnership among the parties was one of law for decision by the court, and it was error to send the question to the jury. The finding of the jury that a partnership existed among the parties was contrary both to the facts and the law."

Counsel cites section 532, C. O. S. 1921 (350, O S. 1931) as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

In view of the fact that the trial court heard the evidence with the view to submitting the same to a referee for the purpose of an accounting, and it developed in the trial that there was no dispute as to the amount and the facts with reference to the relationship of the parties, the court did not commit error in rendering judgment for the plaintiff.

Our attention is called to case-made showing certified copy of supersedeas bond on pages 196, 197 and 198, and defendant in error prays for a judgment against the sureties on said supersedeas bond. Judgment affirmed, and judgment against sureties on bond is hereby rendered.

The Supreme Court acknowledges the aid of Attorneys Charles B. Steele, A. D. Cochran, and C. A. Dickson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Steele, and approved by Mr. Cochran and Mr. Dickson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.