## BYRD v. BYRD.

No. 32448.   Feb. 10, 1948.

*189 P. 2d 927.*

E. O. Clark, of Stigler, for plaintiff in error.

Hudson & Hudson, of Stigler, for defendant in error.

DAVISON, V.C.J.   This is an action wherein the administrator of the estate of a deceased partner seeks in equity to compel the surviving partner to render an accounting of partnership income and assets.

Leonard Byrd died very suddenly in Hot Springs, Ark., on February 20, 1945, and his father, J. I. Byrd, the plaintiff herein, was appointed administrator of his estate.   Three weeks after decedent's death, this suit was filed against James Leslie Byrd, the younger brother of Leonard Byrd and son of the plaintiff. The decedent, who was single, lived with the defendant and his wife much of the time covered by the transactions alleged in the petition.   Plaintiff had a separate home, his family consisting of his wife, the stepmother of Leonard and Leslie, and several children by this latter marriage.

The petition alleged that from 1937, until the death of Leonard, he and the defendant had been partners in farm-

ing, trading and stock raising, each originally contributing all his money and property to the enterprise. That they had acquired, as partnership assets, real estate, farm leases, cattle, horses, mules, tractors, trucks, an automobile, farm machinery and equipment, hay, corn and government bonds and money, all of the aggregate value of $57,301, the title to most of which was in the defendant. The prayer was for an accounting and an order restraining defendant from disposing of the property until the cause was finally determined.

The defendant's verified answer was a general denial and, in addition, admitted the existence of a limited partnership to the extent of certain crops grown each year, but alleged that at the end of each year the profits were divided and the partnership completely settled and closed. That each partner owned his teams, livestock, and farming implements individually and that there was no partnership property. That decedent owned one tractor and a Chevrolet sedan. That decedent had $126 at the time of his death but that he was indebted to defendant in excess of that amount. Defendant denied decedent's ownership of any of the property described in the petition.

The case was tried to the court who made specific findings of fact and conclusions of law and rendered judgment for defendant denying plaintiff's right to an accounting under the facts proven. From this judgment, plaintiff has appealed.

Although the record in this case is voluminous, the evidence on the part of the plaintiff tends to establish only three facts: that the defendant had acquired considerable property while the decedent had acquired very little; that defendant had authorized the bank to honor checks on his account drawn by decedent; and that immediately after the death of decedent, defendant had made the statement:

"I can't live here, half of everything here is Leonard's. I go in Leonard's room to dress and I see Leonard's clothes. I go out to the pasture and field and see where he helped me. I just can't stand it, I can't stand to live here."

As against this, the evidence on behalf of the defendant tended to show: that defendant was always making trades and engaged in successful private enterprises in which decedent had no interest; that decedent and defendant had jointly produced crops on various leased lands and divided the net income; that decedent acted as foreman for defendant in the operation of other farms privately owned or leased; and that, in a conversation with one of the tenants about the succeeding year's operation of one of the farms, decedent had stated:

"I don't have anything to do with that, I am just one of the boys. If you want to make a trade you will have to see Les."

This court has always followed the universally adopted rule as to the burden of proving a partnership. It was restated in the case of Hawkins v. Mattes et al., 171 Okla. 186, 41 P. 2d 880, as follows:

"The burden of proving the existence of a partnership is ordinarily on him who alleges and relies on the fact of its existence." (Citing former cases to the same effect)

The above case also quotes from the case of Gorman v. Carlock, 72 Okla. 104, 179 P. 38, to the effect that:

"A mere community of interest as owners of specific property, or of the profits from a particular adventure or business, does not necessarily, of itself, constitute the co-owners partners."

The testimony, measured by these rules, is not sufficient to establish the partnership as alleged by plaintiff. The most that can be said is that it raises some inference of such relationship. The admission contained in the answer of

defendant was that there was a partnership as to a limited activity. Based upon this conflicting evidence, the trial court found as follows:

"The court finds, as a matter of fact, that there is no sufficient proof of the existence of a general partnership in a more extensive way or covering any further activities of the deceased, Leonard Byrd and the defendant, Leslie Byrd, than the things and matters set out in defendant's answer; that is to say, that there is no sufficient proof of the existence of a general partnership beyond that admitted in defendant's answer."

In a case of equitable cognizance, the judgment of the trial court will not be disturbed on appeal unless it is against the clear weight of the evidence. In the instant case, the judgment was clearly supported by the testimony.

The lower court further concluded, as a matter of law, that since plaintiff had "failed to show that there was an account existing over and above that stated in defendant's verified answer, the application of the plaintiff for an accounting is denied." This is in harmony with the accepted prerequisites to the right to an accounting in a partnership.

In the case of Baker v. Tennent, 108 Wash. 663, 185 P. 576, a similar situation was before the court. Therein numerous authorities are collected which recognize such prerequisites, and the following language was used:

"There being at the time of the trial, no assets in the partnership, nor liabilities, and no indebtedness due from the partnership, or the respondent, to the appellant, the only indebtedness being one to the respondent, and as he is making no claim for relief against the appellant as to this, the appellant is not entitled to an accounting. An accounting will not be . had, unless there is something in the hands of the defendant due to the plaintiff, and where no relief beneficial to the plaintiff can be granted, a defendant over his objection cannot be compelled to enter into an accounting. Even if there were a small amount of undivided partnership property, the respondent was offering no objection to the appellant taking possession of it and using it for the payment of partnership debts. There will be no accounting, without showing that some one, either the appellant or creditors of the partnership, are going to be benefited by it . . . ."

The plaintiff in the instant case failed to discharge the burden of proving a partnership existing at the time of the death of his decedent and of proving the essential prerequisites to the right to an accounting, had a partnership been proven.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.