## MILLER v. MILLER.
### No. 35167.

Supreme Court of Oklahoma.
Sept. 29, 1953.

Hughes, Ogden & Ogden, Guymon, for plaintiff in error.

Meacham, Meacham, Meacham & Meacham, Clinton, for defendant in error.

DAVISON, Justice.

This is a suit, brought by Lulu J. Miller, Administratrix of the Estate of William H. Miller, deceased, as plaintiff, against the defendant, Abe Miller, seeking a determination of a partnership between her decedent and the defendant and for an accounting. The parties will be referred to as they appeared in the trial court, which is the same order as they appear here.

By her petition, plaintiff alleged that in 1924, her then husband, William H. Miller, a brother of the defendant owned a described 480 acre tract of land in Custer County, Oklahoma, on which the family resided; that he also owned live stock and equipment; that he and his brother, the defendant herein, entered into a partnership agreement whereby the defendant would finance certain obligations of plaintiff's husband who, in turn would operate the farm; that the property would be owned in equal shares and the net proceeds, would go first to defendant to liquidate the amount due him and then, after the indebtedness was paid would be divided between them. It was further alleged that it was further agreed that legal title to the partnership property would be taken in the name of defendant, but that the actual ownership

would be in both parties; that the said William H. Miller and his wife, the plaintiff, carried on the operation under said agreement until his sudden death on April 21, 1931, after which she continued the operation until the fall of the following year when she and the defendant leased the land to tenants; that the defendant had accumulated large amounts of rents and, with a part thereof, had purchased another 160 acres taking title in his own name. The prayer was for an accounting and for judgment for the amount found to be due the plaintiff.

After a complete hearing, the trial court rendered judgment denying plaintiff's right to an accounting and finding that there had never been a partnership as alleged. From that judgment, plaintiff has appealed.

The testimony was conflicting but, taken as a whole, it disclosed that William H. Miller became insolvent shortly after the first World War, at which time he had a contract to buy certain lands from the School Land Commission. His brother, the defendant here, had a little money and came to his rescue. The defendant made him a loan of some three thousand dollars, taking a mortgage on his equity in the farm being purchased. Later, when he was unable to make further payments, the defendant had the sale contract assigned to him. Through the years, defendant advanced money to the said William H. Miller and to his family after his death in 1931. The defendant allowed them to live on and farm the land which never made enough to meet the payments. After 1931, the plaintiff lived on the place for about a year and then turned it over to her two sons. In 1936, one of the boys sold his interest to the other one who continued to live on and operate the property. From about 1924 when he bought the property until 1944, the defendant received no rent from it. All during that time he was sending money to help raise his brother's family. He had only a small income and all of it was spent in paying taxes, making payments on the farm and helping with expenses. In an attempt to prove a partnership, many letters, written by defendant through the years, were placed in evidence. They proved little more than defendant's interest in the family welfare and directions about the farming and stock raising and the sending of money to help in that connection.

The burden of proving a partnership rested upon the plaintiff and until that proof was made she was entitled to no relief. Much the same situation, as here, was before this court in the case of Byrd v. Byrd, 199 Okl. 663, 189 P.2d 927, 928. Therein it was said,

"This court has always followed the universally adopted rule as to the burden of proving a partnership. It was restated in the case of Hawkins v. Mattes, 171 Okl. 186, 41 P.2d 880, 888, as follows:

" 'The burden of proving the existence of a partnership is ordinarily on him who alleges and relies on the fact of its existence.' (Citing former cases to the same effect.)

"The above case also quotes from the case of Gorman v. Carlock, 72 Okl. 104, 179 P. 38, to the effect that:

" 'A mere community of interest as owners of specific property or of the profits from a particular adventure or business, does not necessarily, of itself, constitute the co-owners partners.' "

As was said in the case of Boorigie v. Boorigie, 98 Okl. 64, 223 P. 874, 875:

"It is well established that, where a partnership is disputed, its existence in a given case is a question of fact to be determined by the court or jury; and, where such an issue is submitted to the court, and the evidence reasonably sustains the court's findings, such findings will not be disturbed by the appellate court.

"Upon this question of the existence or non-existence of a partnership relation between the parties with respect to the property involved, the trial court found the issue in favor of the defendant, and a careful examination of the evidence contained in the record before us justifies, in our opinion, the findings of fact of the court upon this issue."

■ These quoted rules of law are determinative of the issues in the case now before us. It will be noted that this suit was filed by the plaintiff in her official capacity as administratrix. Her husband died in 1931. She and her sons had been in possession of the real and personal property for some 17 years before filing suit to establish a partnership of which she claims her husband was a member. However, having reached the conclusion that the trial court was correct in holding that there was not a partnership, we need not determine the other propositions presented.

The judgment is affirmed.