Matter of the ESTATE of N. R. DORRIS, Deceased.

Pearl Deaton Dorris, Executrix.

James Ray DORRIS, Plaintiff in Error,

v.

Pearl Deaton DORRIS, Defendant In Error.

No. 36864.

Supreme Court of Oklahoma.

Jan. 17, 1956.

·Charles E. Grounds, E. Keith Cooper, Seminole, for plaintiff in error.

Criswell & Criswell, Wewoka, for defendant in error.

PER CURIAM.

The questions presented in this appeal arose as follows:

N. R. Dorris died, testate, in Seminole County, on September 30, 1951, and left surviving as his next of kin, Pearl Deaton Dorris, his widow, and James Ray Dorris, a son by a former marriage, and N. R. Dorris III, a son of the deceased and Pearl Deaton Dorris. His will was admitted to probate in the County Court of Seminole

County, and Pearl Deaton Dorris was appointed executrix. From the order of the County Court allowing the final account and petition for decree of distribution James Ray Dorris appealed to the District Court. Simultaneously with said appeal the executrix filed an action in the District Court praying for a construction of the will of N. R. Dorris, deceased. Both said appeal and action for construction of the will was consolidated, and tried de novo. The trial court rendered judgment in favor of the executrix, Pearl Deaton Dorris, finding that she had elected to take under the law of succession of the State of Oklahoma; was entitled to a one-third interest in the estate in lieu of the life estate called for in the will; that she owned in her own right a one-half interest of the bank account of Deaton & Dorris; that the promissory notes executed by James Ray Dorris in favor of N. R. Dorris and Pearl Deaton Dorris were due and unpaid at time of death of N. R. Dorris, deceased, and under title 84, § 223, O.S.A.1941, such notes were advancements, chargeable against the proportionate share of James Ray Dorris in said estate; that such advancement exceeded his share and excluded him from any further share or division in said estate. From such judgment James Ray Dorris has appealed.

The record reveals that in January, 1909, one W. A. Deaton and N. R. Dorris, were engaged as partners in a general mercantile business in Seminole under the firm name of Deaton and Dorris; that Pearl Deaton, now Dorris, was the wife of W. A. Deaton; that W. A. Deaton died in 1923; that thereafter Pearl Deaton carried on in such partnership; that Pearl Deaton and N. R. Dorris were married in 1925; that they continued to operate the business until the year 1934, at which time the stock of merchandise was sold; that from 1909 until the sale of said business only one bank account was carried by them and it was in the name of Deaton & Dorris; that after the sale of said business and to the date of the death of N. R. Dorris, deceased, the bank account of the husband and wife was continued in the name of

Deaton & Dorris; that at various times James Ray Dorris had borrowed certain sums of money from his father and had executed his promissory notes, as well as some mortgages, as security therefor; that such notes and mortgages were payable to N. R. Dorris and Pearl Deaton Dorris and were due and unpaid.

The plaintiff in error, as grounds for reversal of the judgment below urge the following propositions:

1. The evidence of a partnership relation between Pearl Deaton Dorris and N. R. Dorris, Jr., is insufficient to sustain the award of one-half of the real and personal property to Pearl Deaton Dorris as the surviving partner.

2. The judgment of the court charging to James R. Dorris as advancements certain promissory notes and excluding him from any share in said estate is contrary to the law and the evidence.

3. That the county court has exclusive original jurisdiction of the questions relating to advancements made by decedents to heirs or legatees and the district court may determine such question only on appeal from the county court.

4. The order of the court allowing Pearl Deaton Dorris to take under the law of succession instead of under the will is contrary to the law and the evidence.

The first contention made rests upon the assumption that it was plaintiff's theory that she was a partner with deceased. From an examination of the record we do not find this to be sustained. It was her contention that her former husband and the deceased were partners and that she continued in such partnership arrangement after Deaton's death and until 1934, placing all her funds inherited by her from Deaton, as well as the earnings from the partnership, in the one joint bank account of Deaton & Dorris; that her home, which she held separately from deceased, was property owned by her prior to the death of Deaton; that all other properties held by her and deceased, Dorris, were properties purchased from their one and only joint bank account; that earnings

from monies in the said Deaton & Dorris bank account were redeposited therein, and such account was continued up to the date of decedent's death; that by reason thereof she had contributed one-half of the proceeds of said bank account; that she and deceased held said account in joint ownership or as joint tenants; therefore, only one-half of said account was subject to be inventoried as assets of decedent's estate. The trial court so held and from careful examination of the record there is evidence reasonably tending to support this conclusion. Section 8, Title 32 O.S.A.1951 provides, "A husband and wife may hold property as joint tenants, tenants in common, or as community property." And as regards property of married persons, "separate property" has by necessary implication been defined as property acquired by either spouse as the result of his or her separate earnings, skill, industry, or labor. See Joiner v. Joiner, 131 Tex. 27, 112 S.W. 2d 1049, which arose in Texas though parties resided in Oklahoma and was governed by the Oklahoma law. There was no contention or reliance upon a partnership relation as was the case in Miller v. Miller, Okl., 261 P.2d 594; Byrd v. Byrd, 199 Okl. 663, 189 P.2d 927; Sanco v. Downey, 198 Okl. 504, 181 P.2d 562; Hawkins v. Mattes, 171 Okl. 186, 41 P.2d 880; Criner v. Davenport-Bethel Co., 144 Okl. 74, 289 P. 742; Gorman v. Carlock, 72 Okl. 104, 179 P. 38, and Whitney v. Harris, 169 Okl. 288, 36 P.2d 872, cited and relied upon by plaintiff in error.

█ The contention of the plaintiff in error relative to the error of the trial court in charging to James Ray Dorris as advancements certain promissory notes and excluding him from sharing in said estate is without merit. The very fact that deceased required plaintiff in error to execute the notes and mortgages and retained them is evidence tending to show that it was decedent's purpose that they be charged against the distributive share of plaintiff in error in his estate. Whether they be considered as advancements or as debts due and unpaid is immaterial. The often repeated maxim that "equity imputes an intention to fulfill an obligation" is peculiarly applicable to this case. The rule is stated by the Supreme Court of Kansas in the case of Holden v. Spier, 65 Kan. 412, 70 P. 348, as follows: "The probate court having jurisdiction to make settlement and distribution of a decedent's estate may determine the share of each distributee, and, to that end, can inquire into and determine the indebtedness of the distributee to the estate, and order a deduction of the same from his share." And we further hold that this equitable right to retain the debt of a distributee from his distributive share is not affected by the lapse of time and the deduction of the debt should be made although an action to recover the same would be barred by the statute of limitation. It is the plain moral, as well as legal, duty of the debtor to pay his debt to the estate.

█ The case is one of equitable cognizance and the determination and judgment of the trial court should not be disturbed unless clearly against the weight of the evidence if sustainable under any legal theory. Stallings v. White, 194 Okl. 659, 153 P.2d 813, and cases therein cited.

We have examined the record and think the trial court reached an equitable and just conclusion as to the interest of the various parties and the judgment is not clearly against the weight of the evidence and is therefore affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed and approved by Commissioners J. W. Crawford and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.