HIGGENBOTHAM *et al.* v. STANLEY.

No. 2332.   Opinion Filed November 26, 1912.

(128 Pac. 238.)

**PARTNERSHIP—Dissolution—Evidence.**   Where it is admitted that a partnership had existed at one time, and the evidence showed that after the date when it was alleged the partnership was dissolved the person who, it was claimed, retired from the partnership remained in the shop, doing the same kind of work, signed the firm name to checks, signed orders for goods in the name of the firm, shared in the profits and losses of the business, and that an advertisement was published in a newspaper in the firm name, and where no evidence is offered as to the details of the dissolution, a verdict finding that one member of the firm was the sole owner of the stock and fixtures of the business was without evidence to support it.

(Syllabus by Rosser, C.)

*Error from Okmulgee County Court;*
*M. M. Alexander, Judge.*

Action by Noble Stanley against Sam T. Higgenbotham and W. D. Vance. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Opinion by ROSSER, C. D. H. Gillespie obtained a judgment against Kirk Kern. Execution was issued and levied by the sheriff, W. D. Vance, acting through his deputy, Sam Higgenbotham, upon what was claimed to be Kirk Kern's interest in the property described in the petition in this action. Noble Stanley then brought this action in replevin against the sheriff and his deputy, who served the execution, to recover the articles levied upon. The plaintiff claimed to be the sole owner of the goods, and the case was defended upon the theory that Kirk Kern and Noble Stanley were partners, and that Kirk Kern had an interest upon which execution could be levied. No brief is filed on behalf of Stanley.

The first assignment of error is that the verdict was not sustained by the evidence. The execution was levied on the 2d day of April, 1909. Stanley, the plaintiff, testified that he and Kern had been in partnership at one time in the business: but the partnership ceased on the 8th of August, 1908. He did not testify as to what sort of a trade was made or contract entered into by which the partnership was dissolved. He did testify, however, that after that date Kern remained in the shop without any visible change in his relation to the business; that he shared the profits and also the losses. As to the losses, he testified that Kern only shared the loss of bad debts, and did not share losses on stock; but the explanation does not seem to affect the question to any great extent. The question was asked:

"Q. But in running the meat market he was to have a half of the profits and stand a half of the loss? A. The loss, he was to stand half the loss on the accounts; but on the stock or fixtures he did not stand any loss."

It is not explained how there could be a loss on the stock, unless it was sold, and there was a failure to collect the purchase

price. Plaintiff also admitted that after the 8th of August, 1908, Kern continued to order goods, signing the name of Kern & Stanley; that he signed, in the name of Kern & Stanley, an order for a cash register, in which the manufacturer retained title until it was paid for; and that he signed checks for current bills. During this period there was an advertisement run in a paper in the town where the business was conducted which stated that the shop carried the best of meats and solicited trade. This advertisement was signed Kern & Stanley. The inspector made out his receipts or certificates of inspection in the name of the Central Meat Market, or Kern & Stanley, and was paid by Kern. There was considerable other evidence tending to show that Kern & Stanley were partners at the time the execution was levied. There was no evidence offered that was inconsistent with the existence of a partnership.

The sharing of profits and losses is the principal criterion of a partnership. Comp. Laws 1909, secs. 4959, 4962, 4963. Especially should this be so when it is admitted that for a considerable period of time a partnership had existed between the parties. It was admitted that Kern had at one time owned an interest, and no explanation was made as to how his interest was disposed of. From the proof it would seem that everything levied on had been purchased out of the profits of the business. All of the evidence tended to show partnership between the parties, and there was no evidence reasonably tending to support the verdict.

The judgment should therefore be reversed and the cause remanded.

By the Court: It is so ordered.