## FARMERS CO-OPERATIVE ELEVATOR CO. et al. v. FARMERS UNION CO-OPERATIVE EXCHANGE et al.

No. 18212. Opinion Filed Oct. 11, 1927.

Rehearing Denied Nov. 8, 1927.

(Syllabus.)

1. **Partnership—Burden of Proof Where Membership Denied—Question for Jury.**

Where one denies that he is a member of a partnership, the burden is upon the party alleging the partnership, and, in the absence of a written contract which is plain and unambiguous, this is a question of fact for the jury.

2. **Same—Profit Sharer not Partner Where Stipulated that Losses not Shared.**

Sharing in both profits and losses is the

principal criterion of a partnership, but whether profit sharers are partners is to be determined by their intentions, and the agreement to share the losses, generally implied by reason of an agreement to divide the profits of a business, does not exist where it is otherwise expressly stipulated.

### 3. Same—Profits Received as Interest on Loan or as Repayment of Advances.

Where a person advances money or goods to another to be invested in some business, the lender to share in the profits in lieu of interest or repayment of such advances, it does not constitute a partnership.

### 4. Appeal and Error—Conclusiveness of Court's Findings in Law Action.

The finding of the trial court in law actions has the same effect as the finding of a jury, and where the same is reasonably supported by any competent evidence, it will not be disturbed on appeal.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by the Farmers Union Co-operative Exchange, a corporation, et al. against the Farmers Co-operative Elevator Company, a corporation, et al. Judgment for plaintiffs, and defendants appeal. Affirmed.

Garrett & Jeter and W. B. Garrett, for plaintiffs in error.

H. D. Henry and S. A. Horton, for defendants in error.

MASON, V. C. J. The defendants in error herein commenced this action in the lower court to recover on four promissory notes executed by the Farmers Co-operative Elevator Company, a corporation, and to foreclose a mortgage given to secure them. Certain allegations were also made that another mortgage, which had theretofore been given by the defendant elevator company to the other defendants, was void. This contention was decided adversely to the plaintiffs and is not involved in this appeal. The defendant banks made no appearance, and no judgment was rendered against them.

The defendant elevator company answered, admitting execution of the notes and mortgage, but alleged that prior to the execution thereof it entered into a contract with the plaintiff Farmers Union Co-operative Exchange by the terms of which said corporations formed a copartnership for the purpose of carrying on and engaging in the mercantile business, which was to be conducted in the name of the Farmers Co-operative Elevator Company and under its management. It was also alleged that the contract, which was in writing, had been lost and could not be produced. It was further alleged that at the time said contract was entered into the plaintiff company was unable to advance its share of the cash necessary to commence and carry on the partnership business and that the same was furnished by the plaintiffs Pugh, Lawson, and Smith. That, later, the plaintiff corporation desired to withdraw from said partnership, and, after several conferences between the board of directors of the two corporations, the defendant elevator company executed and delivered to the plaintiffs the notes sued on herein, which represented the amount of money paid into the copartnership by the plaintiffs at the time of its organization. It was further alleged that the defendant company did this under the belief that the copartnership was being conducted at a profit and was solvent, but that an audit of the books, which was made immediately thereafter, disclosed that the partnership had losses of approximately $11,000; that the plaintiffs' portion of said losses exceeded their interest in the copartnership, and that, therefore, the notes sued on were executed without consideration.

The defendant further alleged that the formation of said partnership agreement between the plaintiff and defendant corporations was ultra vires and void and that said corporations had no lawful authority to enter into said agreement and copartnership, and that the notes sued on were void and of no force and effect by reason thereof.

Plaintiff filed reply in which the existence of the copartnership was denied under oath. Plaintiff did allege, however, that it had entered into a written agreement with the defendant elevator company, which had been lost and could not be produced, by the terms of which the Farmers Co-operative Elevator Company was to use property and assets belonging to the plaintiff corporation, which was to receive a portion of the profits, but denied that the plaintiff company was to share any losses.

Upon the trial of the issues thus formed, evidence was introduced by the parties to support the allegations of their respective pleadings, after which the court rendered judgment for the plaintiffs upon the several causes of action and for the foreclosure of their mortgage, subject to the mortgage of the defendants W. P. Houck, O. M. Hayes, John Kruska, J. G. H. Windle, and J. H. Sullivan, to the extent of the money which they had actually paid. The defendants filed a motion for new trial, which was overruled, and they have duly perfected their appeal to this court.

For reversal, it is urged that both the allegations of the pleadings and the evidence in support thereof are sufficient to establish the copartnership agreement between the Farmers Union Co-operative Exchange and the Farmers Co-operative Elevator Company; that said contract was ultra vires and void for the reason that corporations cannot enter into the partnership relation, and that the notes sued on are void because they grew out of said ultra vires contract.

It is also insisted that said notes were without consideration for the reason that the plaintiffs' partnership liability for one-half the losses of said partnership exceeded the amount of money they had placed in the partnership when it was organized.

The plaintiffs, in their verified reply, denied that plaintiff company had entered into a copartnership with the defendant company. The rule is well settled that where one denies that he is a member of a partnership, the burden is upon the party alleging the partnership, and, in the absence of a written contract which is plain and unambiguous, this is a question of fact for the jury.

Partnership is defined, by section 8103, C. O. S. 1921, as the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them.

It is insisted that, notwithstanding the denial of the partnership by the plaintiffs, the allegations of their reply and the evidence in support thereof disclose that the plaintiff company entered into a contract with the defendant company whereby they were to receive a division of the profits, and that this is sufficient to establish a partnership Generally, an agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, and sharing of both profits and losses is the principal criterion of a partnership, but whether or not profit sharers are partners is to be determined by their intentions, and the implied agreement for a division of the losses by reason of an agreement to divide the profits of a business does not exist where it is otherwise expressly stipulated. See section 8108, C. O. S. 1921.

The evidence of the defendants supports their contention that the contract entered into made these corporations copartners, but the evidence on behalf of the plaintiffs supports their contention that said corporations were not partners. The plaintiffs' evidence was substantially as follows:

That plaintiff company delivered certain of its assets and property to the defendant company under a contract that the defendant company was to conduct a mercantile business in its name; that the defendant company was to have complete control and management of said business and that said companies were to divide the profits, but that the plaintiff company was not to share any losses.

The law is well settled that where a person loans or advances money or goods to another, to be invested in some business or enterprise, the lender to share in the profits as or in lieu of interest or in repayment of such loans or advances, it does not constitute a partnership. McKallip v. Geese, 30 Okla. 33, 118 Pac. 586, citing Rider v. Hammell (Kan.) 66 Pac. 1026.

Under the well-established rule of this court, the finding of the trial court in law actions has the same effect as the finding of a jury, and where the same is reasonably supported by any competent evidence, it will not be disturbed by this court on appeal.

It is not necessary to discuss the other questions presented in the brief of plaintiffs in error, as they are founded on the contention that the alleged partnership was established.

The judgment of the trial court is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 30 Cyc. pp. 402, 476; anno. 18 L. R. A. (N. S.) 1076; 20 R. C. L. p. 849; 3 R. C. L. Supp. p. 1104; 4 R. C. L. Supp. p. 1380; 5 R. C. L. Supp. p. 1128; 6 R. C. L. Supp. p. 1328. (2) 30 Cyc. pp. 360, 369 (Anno), 379; 20 R. C. L. p. 826; 3 R. C. L. Supp. p. 1103; 4 R. C. L. Supp. p. 1379; 6 R. C. L. Supp. p. 1256. (3) 30 Cyc. pp. 371, 372, 374. (4) 4 C. J. pp. 876, 879, §2853; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 441 ; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 75.