## HOTEL TULSA TAILORS et al. v. TULSA INDUSTRIAL LOAN & INV. CO. et al.

No. 22018.    Feb. 27, 1934.

Rehearing Denied March 17, 1934.

A. C. Saunders, for plaintiffs in error.

William M. Taylor, Poe, Lundy & Morgan, and H. R. Duncan, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the court of common pleas of Tulsa county wherein the defendants in error were the plaintiffs and the plaintiffs in error were the defendants.

The record shows that the Tulsa Industrial Loan & Investment Company secured a judgment against the defendant P. R. Engler: that it assigned the judgment to the plaintiff, Morris B. Welch; that execution was issued and levied upon two automobiles; that garnishment proceedings in aid of execution were commenced and certain funds payable to the defendant Hotel Tulsa Tailors, also known as Hotel Tulsa Valet Cleaners, were impounded; that the defendants, by P. R. Engler, appeared in court by motion asking the court to recall the execution and to release the funds impounded and the property levied upon, for the reason that the property held under execution and garnishment belonged to a partnership composed of Donald P. Fries and P. R. Engler, doing business as Hotel Tulsa Tailors, sometimes known as Hotel Tulsa Valet & Tailor Shop; that the cause was heard by the court by agreement of the parties; that the motion was overruled by the court; that judgment was rendered declaring the property to be that of P. R. Engler individually, and not partnership property, and that the defendants appealed.

The only assignments of error are that the judgment of the trial court is not supported by evidence and is clearly against the weight of the evidence.

The issue presented by the pleadings and testimony was whether or not a partnership existed. The testimony with reference thereto presented a question of fact for the determination of the court. Jones v. Nelson, 156 Okla. 236, 10 P. (2d) 408; J. P. Martin Co. v. O'Connor, 120 Okla. 92, 250 P. 529.

The defendants contend that the evidence introduced by them in support of their contention as to the existence of a partnership was not contradicted. There is no presumption in favor of the existence of a partnership, and its existence must be proved as any other fact when that issue is raised. In determining whether or not a partnership exists, the court or jury is not confined to positive or direct proof. Hopkins v. National Bank of Commerce, 101 Okla. 82, 223 P. 347; Cobb v. Martin, 32 Okla. 588, 123 P. 422.

The finding of a trial court in a law action has the same effect as the finding of a jury, and where the same is supported by any competent evidence, it will not be disturbed on appeal. Farmers Co-operative Elevator Co. v. Farmers Union Co-operative Exchange, 127 Okla. 275, 260 P. 755.

The judgment of the trial court is sustained by competent evidence, and it is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and WELCH, JJ., concur.