## LECKIE v. DUNBAR et al.

No. 24899. June 30, 1936.

Reily & Reily, for plaintiff in error.

Roy F. Lewis and Charles E. Wells, for defendants in error.

PER CURIAM. This is an appeal by plaintiff below from the district court of Pottawatomie county, wherein judgment was rendered for defendant below. The parties will be referred to as they appeared in the trial court. The defendant Fred Dunbar was not served with summons and made no appearance, and the facts revealed no partnership between the Shoshone brothers, so the case before us involves the right of plaintiff to recover rent from defendant, Lester Shoshone. It seems that plaintiff was the owner of a building and leased a space therein, 15 by 60 feet, to Fred Dunbar for $14,400, payable at the rate of $200 per month for the first twelve months, and thereafter at the rate of $250 per month. The lease was made March 9, 1931, and the term was provided as follows:

"To have and to hold the same to the said party of the second part (Dunbar) from forty-eight hours after the sale of the stock of Gray's Diamond Shop by the trustee in bankruptcy, to the first day of April, 1936."

The lease contained a further provision that the lessor would have a lien on the personal property and stock of goods contained in the building to secure payment of the rent.

At the bankruptcy sale the defendant, Lester Shoshone, bought the stock of goods and immediately took possession of the premises and occupied same for a month and 18 days under an oral agreement with Dunbar. Then on May 1, 1931, they entered into a written lease by the terms of which Dunbar "subleased" to the defendant, Lester Shoshone, the whole premises, for a period of six months, at the rental of $200 per month, payable in advance. It was provided that Lester Shoshone reserved the right to pay the rent direct to the owner of the building during that six-months period. The lease also contained the provision that Dunbar had the option of purchasing the fixtures for $3,000, and the stock at invoice

price less 30 per cent., and if this option was not exercised within the six-month period, then Dunbar was to retain the front two-thirds of the west half of the rented space, and Lester Shoshone was to pay rent to Dunbar for the remaining part that he occupied, at the rate of $100 per month for the following twelve months.

This arrangement worked out satisfactorily until the end of the six-month period, which was November 1, 1931. Lester Shoshone had occupied the premises for seven months and 18 days, and paid the specified rent direct to plaintiff's agent. Dunbar had not exercised his option to purchase the fixtures and stock of goods by November 1, 1931, so according to their lease Lester Shoshone was to thereafter occupy only part of the premises and pay $100 rent as such sublessee, and Dunbar was to occupy the remaining part under his original lease with plaintiff. Instead of this, however, Lester Shoshone remained in possession of the whole premises, but only paid $100 per month rent. Plaintiff then sought to recover from the defendant, Lester Shoshone, the other $100 per month rent from November 1, 1931, to the date of the trial, and sought to impress the lien on the stock of goods for said amount.

From our examination of the pleadings and evidence, it is clear that the plaintiff proceeded at the trial below on the theory that the defendant, Lester Shoshone, had orally assumed the lease between plaintiff and Dunbar with all its obligations. The testimony on this point was conflicting. Plaintiff's agent testified that Lester Shoshone did assume the lease, and Lester Shoshone testified that he did not. The jury being waived, the trial court decided in favor of Lester Shoshone. This court has held that in a law action, where trial by jury is waived, the finding of the trial court will not be reversed on appeal when there is competent evidence reasonably tending to support such finding. Hawkins v. Howard et al., 167 Okla. 480, 30 P. (2d) 696; Hotel Tulsa Tailors v. Tulsa Industrial Loan & Investment Co., 167 Okla. 472, 30 P. (2d) 682; Traux v. Capitol Life Insurance Co., 166 Okla. 153, 26 P. (2d) 755. The trial judge was in a position to observe the demeanor of the witnesses giving conflicting testimony, and under the rule just cited his decision in this respect cannot be disturbed.

Since we find no express agreement by Lester Shoshone to pay the rent provided for in the lease from plaintiff to Dunbar, the next question is whether Lester Shoshone is liable by reason of his agreement with the lessee, Dunbar. To answer this question we must note the distinction between an "assignment" and a "sublease." It is elementary that a lease creates both privity of contract and privity of estate between lessor and lessee. In an "assignment" by lessee there still remains privity of contract between the lessor and the first lessee, and there is also privity of estate between the lessor and assignee. Thus the lessor can recover the rent on privity of estate. While on the other hand, where the first lessee makes a "sublease", there is neither privity of contract nor privity of estate between the lessor and sublessee, and the lessor cannot successfully sue the sublessee upon the original lessee's covenant to pay rent. Lunsford v. McCann et al., 67 Okla. 196, 169 P. 871; Kimbriel v. Montgomery, 28 Okla. 743, 115 P. 1013; First State Bank of Keota v. Wadley, 103 Okla. 147, 229 P. 582.

In order to determine whether a particular instrument is an assignment or sublease, we must look to the interest passed. For an assignment the whole interest must pass for the full time of the lease. There can be an assignment of part of the premises providing the whole time and whole interest of that part is passed. In a sublease, however, the lessee does not pass his whole interest for the full remainder of the lease, but retains some sort of reversionary interest. In the case at bar the "lease" between Dunbar and Lester Shoshone was a sublease rather than an assignment, for no part of Dunbar's interest was passed to Shoshone for the full term of Dunbar's lease with plaintiff. Therefore, under the cases above cited, plaintiff cannot recover from Lester Shoshone upon the rent covenant specified in the lease from plaintiff to Dunbar.

Plaintiff also attempted to impress a lien upon the stock of goods in the hands of Lester Shoshone upon the theory that the first lessee, Dunbar, purchased the goods from the trustee in bankruptcy, giving a lien to plaintiff, and then sold same to Lester Shoshone. However, the evidence disclosed that Dunbar in fact never purchased the stock of goods, and was at no time the owner, but that the purchase was made by Lester Shoshone himself. Lester Shoshone did not give a lien to plaintiff covering these goods, and Dunbar could not create a lien on goods that he never owned. The agreement between the lessor and lessee creating a lien on property on the demised premises could not bind the property

of the sublessee who was not a party to this agreement. 36 C. J., page 483, sec. 1428.

The remaining question for our determination is whether plaintiff is entitled to recover from Lester Shoshone the reasonable value for the use and occupation of that part of the premises not covered by his sublease after November 1, 1931. This theory, however, was not urged in the court below, and we find no evidence presented in support thereof. Therefore we are not called upon to decide whether such action would lie in this case, for plaintiff is not permitted to present for the first time a new theory in this court. Abraham et al. v. Wasaff, 111 Okla. 165, 239 P. 138; Starr et al. v. Vaughn, 113 Okla. 247, 241 P. 152; Armstrong v. Green, 113 Okla. 254, 241 P. 789; Great American Ins. Co. v. Allen et al., 116 Okla. 56, 243 P. 194; Milliken et al. v. Smith, 120 Okla. 211, 251 P. 84; Adams v. Hoskins et al., 126 Okla. 57, 259 P. 136; Security Nat. Bank of Tulsa v. Cain et al., 126 Okla. 202, 259 P. 572; J. L. Lemmon Co. v. Oppenheimer, 155 Okla. 209, 8 P. (2d) 679; Gustin v. Carshall et al., 156 Okla. 173, 10 P. (2d) 250. In Hutchins v. Richardson, 100 Okla. 80, 227 P. 432, the court said:

"We have many times spoken on this question and held that where a person tries a case in the trial court on one theory, he will not be heard on appeal to change the theory. In Overstreet et al. v. Citizens' Bank, 12 Okla. 383, 72 P. 379, this court said: 'Where a party brings his suit in equity, alleging certain specific grounds for relief, and tries the case upon such theory, and is defeated, he will not be permitted to switch and try his case upon a different theory in the Supreme Court, although it may appear that he is entitled to some relief in an action at law.' "

The cases of Harn v. Patterson, 58 Okla. 694, 160 P. 924, and others cited by plaintiff, are not applicable here for the reason that no amendment to pleadings has been requested in the court below.

The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys W. F. Kimmel, W. E. Green, and J. C. Farmer in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Kimmel and approved by Mr. Green and Mr. Farmer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.