**J. E. BUCK, Plaintiff in Error,**

v.

**J. M. McENTEE AND SONS, a Corporation, Defendant in Error.**

No. 36230.

Supreme Court of Oklahoma.

Oct. 26, 1954.

Kelly Brown, Muskogee, for plaintiff in error.

Forrester Brewster, Muskogee, for defendant in error.

DAVISON, Justice.

This is an action brought by J. M. McEntee and Sons, a corporation, to recover from defendant J. E. Buck balance alleged to be due as rent on a written rental contract entered into between the parties and for the foreclosure of the lien given under the lease to secure payment of rent.

Defendant defends on the theory that the lease was assigned to a third party with the written consent of plaintiff and that the assignee paid rent to plaintiff for several months, that by such acts and conduct there arose an implied agreement between the parties that plaintiff would accept the assignee as his tenant and release defendant from further payment of rent.

Prior to the commencement of the trial defendant filed a motion requesting the court to require plaintiff to elect under which cause of action pleaded in its petition and which remedy sought it intends to pursue. The motion is predicated on the ground that the petition pleads two separate, distinct and inconsistent causes of action and that it seeks to pursue several inconsistent remedies; one an action at law for the recovery of rent and the other an

action in equity to foreclose a lien. The motion was overruled by the court and an exception was allowed defendant.

The case was tried to the court resulting in a judgment in favor of plaintiff for the full amount claimed.

■ Defendant appeals and among other assignments assigns as error the overruling of his motion to require plaintiff to elect which cause of action pleaded and remedy sought it intends to pursue. We think the court properly denied the motion. Plaintiff in its petition does not plead two separate, distinct and inconsistent causes of action. It pleads a single cause of action. The remedies sought are not inconsistent but are cumulative, both having for their purpose the collection of the debt sued on. The foreclosure of the lien is not the main object or purpose of the suit but was merely incidental to its main purpose, the collection of rent, and the court therefore in a single suit had the right and power to render judgment for recovery of the rent and to foreclose the lien given to secure the payment thereof. Howard v. Brown, 172 Okl. 308, 44 P.2d 959.

Defendant's main contention is that the judgment is not sustained by sufficient evidence and is contrary to law.

The record discloses that on the 30th day of September, 1950, the parties entered into a written lease contract whereby plaintiff leased to defendant one room on the ground floor of a certain building located in the city of Muskogee, Oklahoma, to be used as a restaurant for a term commencing October 1, 1950, and ending October 1, 1953. Defendant agreed to pay as rent for the entire term of the lease the sum of $5,400, payable in monthly installments at the rate of $150 on the first day of each and every month and, as a further consideration for the execution of the lease, defendant gave plaintiff a lien upon the fixtures and property owned by defendant and used in the restaurant to secure the payment of the rent. The lease provides that defendant shall not assign or sublet the leased premises or any part thereof without the written consent of plaintiff.

The evidence shows that on the 7th day of December, 1951, defendant with the written consent of plaintiff assigned and transferred the lease to Mrs. Arahvilla Malone. She took possession of the premises on the 1st day of January, 1952, and remained in possession until the 1st day of March, 1953, when she surrendered possession to defendant and he has held possession ever since. The assignee paid rent to plaintiff from the time she took possession up to and including the month of June, 1952, at which time she defaulted and failed to pay further rent.

The evidence discloses that there was due and owing plaintiff rent in the sum of $1,200 at the time assignee surrendered possession of the premises to defendant and there accrued an additional amount of rent from that time to the time the suit was filed in the sum of $450, which amount of $450 defendant tendered plaintiff prior to the time suit was filed. The total amount of rent then due was $1,650, for which amount plaintiff prayed judgment in its original petition.

Thereafter plaintiff by permission of the court filed a supplemental petition in which it alleged that subsequent to the filing of the suit there accrued an additional amount of rent in the sum of $300 and that there is now due rent in the total sum of $1,950 for which amount it prays judgment in its supplemental petition.

Defendant concedes that he is indebted to plaintiff for rent accrued subsequent to the time he regained possession of the premises and that he now owes plaintiff rent in the sum of $750 but contends that he is entitled to recover costs because of tender made prior to the time suit was filed. Defendant however contends that he is not liable for rent accrued during the time the assignee occupied the premises. It is his contention plaintiff by consenting to the assignment of the lease and in accepting rent from the assignee thereby impliedly agreed to accept the assignee as his tenant and to release him from further payment of rent.

■ It is argued that the assignment of the lease contract by the lessee with the consent of the lessor destroyed the privity of

estate as between the lessor and original lessee and that the original lessee is thereby released from further payment of rent. While it is true that the assignment of the lease contract by the lessee with the consent of the lessor destroys the privity of the estate between the lessor and lessee but, notwithstanding the assignment, there still remains privity of contract between them and the lessee remains liable to lessor on his covenant to pay rent and, the fact that plaintiff accepted rent from the assignee does not change the rule. In Leckie v. Dunbar, 177 Okl. 355, 59 P.2d 275, 276, this court held:

"In an assignment by the lessee of a lease, there still remains privity of contract between the lessor and the original lessee, and there is also privity of estate between the lessor and assignee, enabling the lessor to recover from either the original lessee or assignee upon the original lessee's covenant to pay rent."

In Staner v. McGrath, 174 Okl. 454, 51 P.2d 795, 796, we held:

"A lessee, who, by the express covenants of the lease, has obligated himself to pay rental, is not relieved of that obligation by an assignment of the lease, even though the lessor consents to the assignment, in the absence of an agreement by the lessor to accept the assignee and release the lessee."

In that case we further said:

" * * * Furthermore, when a lessee who has obligated himself to pay rent, assigns the lease, he is not relieved of his obligation, even though the landlord consents to such assignment and subsequently collects rents from the assignee. * * * "

See, also, Tate v. Bristow, 172 Okl. 404, 45 P.2d 153, and McFarland v. Mayo, 65 Okl. 28, 162 P. 753, L.R.A.1917C, 901.

There is no evidence tending to show that an agreement was entered into between the parties whereby plaintiff agreed to accept defendant's assignee as his tenant and to release defendant from payment of rent.

Defendant further contends that the court erred in allowing plaintiff attorney fees for foreclosure of the lien. This contention might be correct if plaintiff had not recovered an amount greater than the amount tendered by defendant but since it recovered judgment for the full amount claimed the court properly allowed an attorney fee for the foreclosure of the lien under 42 O.S.1951 § 176.

Plaintiff in its brief requests that this court allow additional attorney fees for services rendered on appeal. This we decline to do under the facts and circumstances of this case.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, WILLIAMS, and BLACKBIRD, JJ., concur.